**Johnny STAIR, Plaintiff,**

v.

**Alfred W. TAYLOR, Defendant.**

**Civ. A. No. 2844.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 6, 1972.

Johnny Stair, pro se.

J. Paul Coleman, Simmonds, Herndon, Johnson & Coleman, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for alleged malpractice of the plaintiff's appointed attorney. The plaintiff undertakes to invoke the jurisdiction of this Court under "Title 28, U.S.C. 1843". 28 U.S.C. § 1843 is nonexistent. The defendant has moved the Court to dismiss this action, on the ground, *inter alia*, that this Court lacks jurisdiction to entertain this action. Such motion has merit.

The Court, judicially noticing its records in civil action no. 2597, this district and division, observed that the plaintiff Mr. Johnny Stair is an inmate of a Tennessee prison and a citizen of Tennessee. The summons herein reflects that the defendant is also a citizen of Tennessee. Thus, there is not the requisite diversity of citizenship as between the plaintiff and defendant to support the jurisdiction of this Court in an action by the plaintiff against the defendant for malpractice. See 28 U.S.C. § 1332(a)(1).

Counsel for the defendant (commendably) suggests in his brief that the plaintiff may have been undertaking to invoke the jurisdiction of this Court under one of the federal civil rights statutes. 42 U.S.C. § 1983 provides a civil action for deprivation of federal rights, where such depriver is acting under color of state law.

The plaintiff alleges that, in the aforecited civil action, the defendant was appointed to represent him both in this Court and on appeal, and that the defendant deprived him of due process of law during the appellate process. This does not state a claim against the defendant on which the plaintiff can be granted relief. Rule 12(b)(6), Federal Rules of Civil Procedure. 42 U.S.C. § 1983 provides a remedy only against one acting under color of a state law. The defendant Mr. Taylor, a private attorney, " * * * does not fall within this category, despite the fact that he had been appointed by the court. * * * " Mulligan v. Schlachter, C.A. 6th (1968), 389 F.2d 231, 233 [3]. It thus appears that, even under 42 U.S.C. § 1983, the plaintiff has not stated a claim on which relief could be granted.

Accordingly, the motion of the defendant to dismiss this action hereby is granted, and this action hereby is dismissed. Should the plaintiff give timely notice of an appeal from this decision, he is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.