**Ernest CORNES, Plaintiff-Appellant,**

v.

**Karen MUNOZ, Assistant State Appellate Defender, Defendant-Appellee.**

**No. 82–2513.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 1983.*

Decided Dec. 28, 1983.

---

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Appellant subsequently filed such a statement. Upon consideration of this statement and the briefs, the appeal is submitted on the briefs and record alone.

Ernest Cornes, pro se.

Patricia Rosen, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, and PELL and BAUER, Circuit Judges.

PELL, Circuit Judge.

*Pro se* plaintiff-appellant Ernest Cornes brought suit under 42 U.S.C. § 1983 against the assistant appellate defender, Karen Munoz, who had been assigned to handle appellant's direct criminal appeal. Appellant alleges that he was deprived of his Sixth Amendment right to the effective assistance of counsel because defendant refused to pursue various issues that · appellant wanted argued on appeal.[1] He seeks monetary damages for "legal malpractice." The

district court granted summary judgment for defendant, finding that under the Supreme Court's recent decision in *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the appellate defender did not act under color of state law, a jurisdictional requirement for a suit under section 1983.

Appellant acknowledges the near identity of his situation and that presented in *Dodson*, in which a prisoner filed a Section 1983 suit against the Polk County, Iowa Offender Advocate (the public defender) assigned to his direct appeal, alleging that she violated his Sixth Amendment right to the effective assistance of counsel by withdrawing from the case on the ground that the appeal was wholly frivolous. The Supreme Court in *Dodson* held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to an indigent defendant in a state criminal proceeding.

Appellant nevertheless hopes to distinguish *Dodson*. Specifically, he argues that in two respects (which appellant labels "statutory coercion" and "tenure coercion"), an Illinois public defender acts under color of state law even though an Iowa public defender does not. The "statutory coercion" argument is easily dismissed. Appellant apparently means that by statute, defendant was assigned duties that precluded her from giving appellant's case her undivided attention. In support of his argument, appellant states that . defendant requested extensions of filing deadlines due to the press of other cases. Essentially appellant is arguing that there is sufficient state action if the state requires counsel to handle more than one case at a time. The Court in *Dodson* was well aware that public defenders have heavy caseloads, observing that "state decisions may determine ... the size of [the appellate defender's] caseload." 454 U.S. at 321, 102 S.Ct. at 451. We

---

1. Appellant maintained that his second trial, conducted after his first trial ended in a hung jury, was held in violation of the Ex Post Facto Clause. Munoz assisted appellant in presenting this contention to the court via a *pro se* supplemental brief. The court dismissed appellant's arguments as without merit. *People v. Cornes*, 80 Ill.App.3d 166, 35 Ill.Dec. 818, 399 N.E.2d 1346 (Fifth Dist.1980).

accordingly reject this "statutory coercion" argument.[2]

The "tenure coercion" argument is more compelling, although equally unavailing. Appellant argues that because Munoz was employed and could be fired by the state, she must necessarily pursue the state's as well as her client's interests. At its broadest, this is an argument that no lawyer lacking the tenure of an Article III judge is sufficiently independent. This argument was implicitly rejected by *Dodson;* the Iowa appellate defender does not enjoy life tenure. More narrowly, appellant argues that any employee is always influenced to some degree by his employer. This "employment relationship" problem was also addressed in *Dodson*—by the lone dissenter. The majority, however, commented that the employment relationship was one factor to consider in assessing state action, but expressed confidence in the individual attorney's ability to adhere to the canons of legal ethics. In the absence of any indication that defendant Munoz was not mindful of her responsibilities to her client, we decline to conclude that she was acting inappropriately.[3]

Appellant also points out that the Polk County Offender Advocate's office is an independent creation of the County. In contrast, the Illinois Appellate Defender is appointed by the Illinois Supreme Court for a four-year term. A Deputy for each judicial district serves at the pleasure of the Appellate Defender, with the consent of the appellate judges for that district. Assistants (such as defendant Munoz) are appointed by each Deputy. See Ill.Rev.Stat. ch. 38, sec. 208–1 *et seq.* We aren't sure which way this organizational difference between the Illinois and Iowa appellate defender programs cuts. Appellant thinks the Illinois defender is more beholden to the state. It seems equally likely that the Iowa county defender identifies more with state (prosecutorial) interests, while the Illinois defender identifies more with the court which is presumably unbiased as to outcome. In the absence of any indication that the Illinois appellate defender is subservient to the prosecution, we decline to speculate about the significance of these organizational differences. In any event, the Supreme Court in *Dodson* paid very little attention to the statutory authorization for the Polk County Offender's office, and focused almost entirely on the function of the defendant as a lawyer defending her client.

Finally, appellant argues that the cases are factually distinguishable because the public defender in *Dodson* concluded that the whole case was frivolous and withdrew entirely from the case; defendant Munoz only refused to present certain issues. We fail to see any meaningful distinction here.

In view of our holding that an Illinois appellate defender does not act under color of state law when representing a client, we need not consider appellant's absolute immunity argument.

The judgment of the district court is AFFIRMED.[4]

---

**2.** As a variation on this theme, appellant also argues that his case was delayed because defendant's supervisor was occupied with statutorily mandated administrative duties, and was unable to review and approve the briefs. This contention may be true, but it is not germane to a suit against the defendant rather than her supervisor. Although the Supreme Court in *Dodson* suggested that an attorney might well act under color of state law when acting in an administrative rather than a legal capacity, 454 U.S. at 325, 102 S.Ct. at 453, there is no allegation that defendant Munoz was acting in any administrative capacity.

**3.** Of course a criminal defendant might prefer to have his attorney present all of his theories, frivolous or otherwise, but that preference is a matter quite separate from the question of the lawyer's ethical responsibilities to the client—and to the court. As an officer of the court, an attorney should refrain from presenting obviously frivolous arguments.

**4.** Our holding that the Illinois appellate defender does not, in these circumstances, act under color of state law merely precludes a Section 1983 suit seeking damages from the attorney for legal malpractice. If appellant seeks not damages but his release on the ground that he is in custody in violation of his Sixth Amendment right to the effective assistance of counsel, the appropriate procedure is to petition for a writ of habeas corpus. We do note, however, that the Supreme Court in *Jones v. Barnes,* —— U.S. ——, 103 S.Ct. 3308, 77 L.Ed.2d 987

(1983), recently rejected a habeas argument concerning a situation very similar to appellant's. In a clarification of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

(1967), the Court held that appointed counsel's refusal to raise every non-frivolous issue on appeal does not violate the Sixth Amendment.