962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Theodore SMITH, Plaintiff-Appellant,
v.
Kenneth N. FLAXMAN, Patrick J. Rocks, Terrence J. Moran, et
al., Defendants-Appellees.
 No. 91-2006.
 United States Court of Appeals, Seventh Circuit.
 ubmitted April 24, 1992.*
Decided May 7, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 Appellant Theodore Smith appeals the district court's dismissal of his complaint filed pursuant to 42 U.S.C. § 1983.[1] We affirm the judgment of the district court.
 
 I. BACKGROUND
 
 3
 Mr. Smith brought this civil rights action against his court-appointed counsel Kenneth N. Flaxman, assistant city attorneys Patrick J. Rocks and Terrence J. Moran, and the City of Chicago. He alleged that the attorneys met in Judge Bua's chambers on February 13, 1989 and conspired to deprive him of a trial by jury by working out an amicable disposition of the case without his knowledge or consent.[2]
 
 
 4
 On April 4, 1991, Judge Norgle granted defendants' motions and dismissed Mr. Smith's complaint. The action against the City was dismissed for failure to allege the existence of a municipal policy or custom that would make the City liable for any alleged constitutional violation. The claim against the attorneys was insufficiently based on bald allegations of conspiracy without factual support. Finally, the pendent state claim for malpractice against Mr. Flaxman was dismissed along with dismissal of the federal claims.
 
 II. STANDARD OF REVIEW
 
 5
 When reviewing a district court's dismissal of a complaint, we must accept as true all well-pleaded factual allegations and consequent inferences by the plaintiff, and will affirm the dismissal only if the plaintiff failed to allege any set of facts upon which relief may be granted. Yeksigian v. Nappi, 900 F.2d 101, 102 (7th Cir.1990). Because the complaint herein is filed pro se, we construe it liberally. Kelley v. McGinnis, 899 F.2d 612, 616 n. 8 (7th Cir.1990) (per curiam).
 
 III. DISCUSSION
 A. Municipal Liability
 
 6
 The appellant contends that Chicago is liable under § 1983 because the unlawful conduct of its legal counsel, attorneys Rocks and Moran, caused his injury, and because their conduct may be fairly attributed to the governmental entity.
 
 
 7
 The district court found that plaintiff's failure to allege the existence of a municipal policy or custom that would make the city liable for a constitutional violation required the dismissal of the action against the City of Chicago. "Municipalities are answerable only for their own decisions and policies; they are not vicariously liable for the constitutional torts of their agents." Auriemma v. Rice, 957 F.2d 397, 398 (7th Cir.1992) (citing Monell v. New York Department of Social Services, 436 U.S. 658 (1978)). See also Gibson v. City of Chicago, 910 F.2d 1510, 1519 (7th Cir.1990). On appeal Mr. Smith does not respond to the basis for the district court's determination. He never points to a city policy that caused the constitutional deprivation of a right to a trial by jury.
 
 
 8
 Instead, Mr. Smith attempts to find or create city policy by suggesting that the assistant city attorneys were policymakers of the city. This position is meritless. Their authority to represent the city and its employees in litigation, see Municipal Code of Chicago § 2-60-020 (1990), does not extend to an authority to create municipal policy. Furthermore, their actions at the pretrial conference cannot be construed as a setting of city policy. Finally, the city cannot be held liable, under the theory of respondeat superior, for the actions of its employees. Monell, 436 U.S. at 691. See also City of St. Louis v. Praprotnik, 485 U.S. 112 (1988). We conclude that Mr. Smith's complaint against the City failed to allege either a sufficient § 1983 claim or any set of facts upon which relief may be granted, and therefore must be dismissed.
 
 B. Attorney Liability
 
 9
 (1) Conspiracy
 
 
 10
 The central claim brought by the appellant is that the defendants knowingly conspired together to deprive plaintiff of a public trial. The district court found that Mr. Smith's cursory allegations of conspiracy were not sufficiently based on facts that would support the claim.
 
 
 11
 The facts Mr. Smith presents in support of the allegation describe a normal pretrial conference, one called by Judge Bua after he granted the motion in limine, attended by the attorneys of record, and held in the judge's chambers. At the conference the parties reached a consensus on the remaining issues, and the judge approved the agreement.
 
 
 12
 A plaintiff alleging that the attorneys conspired to deprive him of his right to a hearing has a heavy burden of proof:
 
 
 13
 In order to establish a conspiracy, the plaintiff must demonstrate that the state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights....
 
 
 14
 A conspiracy may be demonstrated by circumstantial evidence; however, mere allegations of a conspiracy are insufficient to withstand a motion to dismiss.
 
 
 15
 House v. Belford, 956 F.2d 711, 721 (7th Cir.1992) (citing Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir.1985) (citations in quotation omitted)). The allegations of conspiracy made by Mr. Smith in his complaint were mere allegations, nothing more. Like House, Mr. Smith argues that the attorneys and judge had a "meeting of the minds" in the judge's chambers which is the nexus of the conspiracy allegations. See House, slip op. at 21. "A mere conference in chambers among the judge, the prosecutor and the defense attorney certainly falls far short of leading to an inference of a conspiracy." Id. The superimposition of conspiratorial terms ["knowingly conspired," "acted together secretly," "coverup"] over a description of a proper pretrial conference conducted by the presiding judge cannot turn a judicial proceeding into a conspiracy.
 
 
 16
 The attorneys' actions in the pretrial conference resulted in a settlement, as authorized under Fed.R.Civ.P. 16. The court's granting of the motion in limine and its judgment order, affirmed by this court in Smith v. City of Chicago, 913 F.2d 469 (7th Cir.1990), cert. denied, 111 S.Ct. 2824 (1991), are not at issue. The conspiracy allegation has not been alleged with specific facts that might save it from dismissal. We conclude that the record is barren of "evidence that could lead a reasonable person to infer a conspiracy" between Flaxman and city attorneys Rocks and Moran. See House, slip op. at 21. We therefore hold that the district court properly granted the defendants' motion to dismiss Smith's claim.
 
 
 17
 (2) Malpractice of defense attorney
 
 
 18
 The appellant claims that his attorney agreed to the stipulated judgment without his authorization. Relying upon Bradford Exchange v. Trien's Exchange, 600 F.2d 99, 102 (7th Cir.1979), Mr. Smith argues that "an attorney may not consent to a final disposition of his client's case without express authority." However, Bradford Exchange requires from the claimant "affirmative proof that the attorney had no right to consent to its entry" before judgment may be set aside. See 600 F.2d at 102. Mr. Smith presents no affirmative proof that the defense attorney lacked authority. In fact, the record gives every indicating that defense counsel was acting under his client's direction.
 
 
 19
 Because the appellant has failed to state a claim under § 1983 against these defendants, his pendent state claim may be dismissed along with the federal one.[3] Simkunas v. Tardi, 930 F.2d 1287, 1292 (7th Cir.1991).
 
 CONCLUSION
 
 20
 The appellant's complaint, based upon 42 U.S.C. § 1983, fails to allege an injury from a policy or custom of the City of Chicago. Nor will it support a respondeat superior claim against the City. Its allegation of a conspiracy among the attorneys attending a pretrial conference, offered without a scintilla of support in the record, fails to present a set of facts sufficient to withstand dismissal. We hold, therefore, that the court properly dismissed Mr. Smith's § 1983 claim for failure to state a claim upon which relief can be granted. Because that dismissal of the federal claim was proper, we also hold that the district court was within its discretion in dismissing the pendent state law claim. The decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Appellant's motion not to consider appellee Flaxman's brief is DENIED
 
 
 [2]
 After Judge Bua granted the defendants' motion in limine, thereby limiting Mr. Smith to seeking only nominal damages, he called a pretrial conference. At the conference the parties agreed to entry of a stipulated judgment in favor of Mr. Smith in the amount of $1, with an award of $5,000 in attorney's fees. Judge Bua approved the consent judgment, and this court affirmed. Smith v. City of Chicago, 913 F.2d 469 (7th Cir.1990), cert. denied, 111 S.Ct. 2824 (1991)
 
 
 [3]
 Furthermore, a claim for damages against a public or court-appointed defender for "legal malpractice" cannot succeed under § 1983, because a public defender does not act under color of state law when performing a lawyer's traditional functions. Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); Cornes v. Munoz, 724 F.2d 61 (7th Cir.1983)