19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frank O. CASTANEDA, Plaintiff/Appellant,
v.
Robert A. DREW, Defendant/Appellee.
 No. 93-1345.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1994.*
Decided Feb. 24, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Frank O. Castaneda, a federal prisoner, sued his attorney, Robert A. Drew, for alleged violations of his constitutional rights. Drew had represented Castaneda at the request of the federal district court in Castaneda v. Miller, Civil No. 88-3632, a civil rights action against a federal correctional officer. Castaneda alleged that Drew waived his right to a jury trial without his consent and that Drew failed to appeal his case. In addition to requests for monetary relief and sanctions against Drew, Castaneda asked the district court to reopen Castaneda v. Miller. Castaneda sought leave to proceed in forma pauperis. 28 U.S.C. Sec. 1915(a).
 
 
 2
 The district court denied Castaneda leave to proceed in forma pauperis and dismissed his complaint as frivolous for want of subject matter jurisdiction, citing Polk County v. Dodson, 454 U.S. 312 (1981), 28 U.S.C. Sec. 1915(d). The district court also concluded that Castaneda's claim failed under the Federal Tort Claims Act, 28 U.S.C. Secs. 1345(b), 2671-2680, because Drew was not a federal government employee. Finally, the district court determined that even construing Castaneda's request to reopen Castaneda v. Miller as a motion pursuant to Federal Rule of Civil Procedure 60(b), it must be denied because no notice was given to the defendant in Castaneda v. Miller. Castaneda appealed and we requested counsel to represent him on appeal.
 
 
 3
 We review a Sec. 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728 (1992); Castillo v. Cook County Mail Room Dept., 990 F.2d 304, 306 (1993). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An "arguable basis in law" is a very low standard to meet, for complaints that fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have an "arguable basis in law," precluding dismissal under Sec. 1915(d). Denton, 112 S.Ct. at 1733; Talley v. Lane, No. 91-2038, slip op. at 3 (7th Cir. Jan. 5, 1994). In determining whether the district court abused its discretion, we consider, among other things, whether the plaintiff was proceeding pro se, whether the district court applied erroneous legal conclusions, and whether the district court should have granted leave to amend the complaint. Denton, 112 S.Ct. at 1733. We liberally construe Castaneda's pro se complaint. Talley, No. 91-2038, slip op. at 2.
 
 
 4
 Castaneda challenges the district court's conclusion that counsel representing a litigant at the court's request in a civil action does not act under the "color of federal law" for purposes of an action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Although this precise issue has not been addressed by this court, the Supreme Court in Polk County v. Dodson, 454 U.S. 312 (1981), held that a public defender does not act "under color of state law" when performing a lawyer's traditional functions as counsel to an indigent defendant in a state criminal proceeding. See Cornes v. Munoz, 724 F.2d 61 (7th Cir.1983). Other Circuits have applied the holding of Dodson to preclude both Bivens and civil rights actions against private attorneys appointed by courts to defend criminal defendants. See, e.g., Christian v. Crawford, 907 F.2d 808 (8th Cir.1990); Cox v. Hellerstein, 685 F.2d 1098 (9th Cir.1982); Black v. Bayer, 672 F.2d 309, 314 (3rd Cir.1982). Cf. Loyd v. Loyd, 731 F.2d 393, 398 (7th Cir.1984) (personal representatives appointed by probate court not subject to Sec. 1983 action because they are not functionaries of the state, but rather, are acting in a private capacity on plaintiff's behalf, even though "the fiduciary is protecting interests of the creditors and, indeed, the state"). Because a private attorney, serving at the court's request and without payment, has an even more attenuated relationship with the government than does a counsel paid by a court to represent a criminal defendant, Castaneda's suit lacks any arguable basis in law.
 
 
 5
 Castaneda contends that it is arguable that Polk is not controlling. To the extent that Castaneda's distinction between a Sec. 1983 action and a Bivens action rests on the difference between the actors, it is without merit. It is well-established that actions under Bivens and Sec. 1983 generally "are identical save for the replacement of a state actor (Sec. 1983) by a federal actor (Bivens )." Bieneman v. City of Chicago, 864 F.2d 463, 469 (7th Cir.1988), cert. denied, 490 U.S. 1080 (1989). See Carlson v. Green, 446 U.S. 14, 24-25 (1980); Butz v. Economou, 438 U.S. 478, 504 (1978).
 
 
 6
 Castaneda suggests a distinction based on the role of the actor in relation to the government. Although the Supreme Court in Polk considered a public defender's adversarial functions in concluding that a public defender's "assignment entailed functions and obligations in no way dependent on state authority," Polk, 454 U.S. at 318, it did so in the context of excepting a state employee from the reach of Sec. 1983. The rationale behind Polk is that a state-employed public defender performs "essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." Because his principal responsibility is to serve "the undivided interests of his client," id. at 318-319, and because he is governed by the same canons of professional responsibility as a private lawyer, a public defender does not act on behalf of the state simply because of his assignment.[1] Id. at 321. Similarly, Drew owed an undivided interest to Castaneda and his obligations toward Castaneda were in no way dependent upon the authority of the federal government.
 
 
 7
 An attorney serving at the request of a federal court has no relation with the federal government. Thus, even if Polk leaves open the possibility of a suit against a public defender in the performance of "certain administrative and possibly investigative functions," Polk, 454 U.S. at 325, this exception would not apply here.
 
 
 8
 Castaneda states that in the alternative the district court properly construed his suit as a Rule 60(b) motion, but challenges its denial because the failure to give notice to the defendant in Castaneda v. Miller is a technical defect that could be cured by an amendment. We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir.1991). We find no abuse of discretion because notice to the defendant was required. See Fed.R.Civ.P. 5(a) ("every written motion other than one which may be heard ex parte ... shall be served upon each of the parties.") See also S.D.Ill.Local Rule 5(b). Nothing prevented Castaneda from amending the defect and properly filing a Rule 60(b) motion.
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The Supreme Court distinguished O'Connor v. Donaldson, 422 U.S. 563 (1975), and Estelle v. Gamble, 429 U.S. 97 (1976), allowing Sec. 1983 suits against state-employed physicians on the ground that the physicians were sued in their capacities as state custodians and administrators. Polk, 454 U.S. at 320 ("unlike a lawyer, the administrator of a state hospital owes no duty of 'undivided loyalty' to his patients ... it is his function to protect the interest of the public as well as that of his wards.")