# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## WILLIAM ALLEN v. WILLIAM ROBERTS, JR.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 98C-3246      Walter Kurtz, Judge**

---

**No. M1999-02807-COA-R3-CV  - Decided May 19, 2000**

---

This is a civil rights action by a convicted murderer against his appointed counsel in a post-conviction relief proceeding.  Upon our review of the record in this case we find that the issues raised, if any, were raised at the plaintiff's post-conviction hearing and that the only colorable claim under the Civil Rights Act is barred by the appropriate statute of limitation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

CAIN, J., delivered the opinion of the court, in which CANTRELL, P.J., M.S., and KOCH,  J., joined.

William Allen, Nashville, Tennessee, pro se.

David E. Danner, Nashville, Tennessee, for the appellee, William Roberts, Jr.

## MEMORANDUM OPINION

The plaintiff in this case, William G. Allen, was one of three persons convicted of first degree murder in the death of Metropolitan Nashville Police Officer Thomasson on January 16, 1968. *Canady v. State*, 461 S.W.2d 53 (Tenn. Cr. App. 1970).  He was sentenced to 99 years in the penitentiary on February 3, 1970.  On May 12, 1974, he escaped from Middle Tennessee Reception Center and was not returned to custody until July 8, 1986.  After return to custody he was tried and convicted of first degree murder of Metropolitan Police Officer Johnson who was killed in the same January 16, 1968 incident.  (Davidson Co. Case No. 86S1256).  The 78 year sentence imposed for the murder of Officer Johnson was imposed consecutively to the 99 year term imposed in the murder of Officer Thomasson.  (See Appeal No. 01-A-01-9309-CH-00431 1994 Tn. App. LEXIS 214 filed April 20, 1994).

The defendant in this case, William C. Roberts, Jr., was appointed to represent Mr. Allen in a post-conviction relief petition relative to his 1989 trial and conviction for the murder of Officer Johnson.  That petition alleged that in his 1989 murder trial he was denied effective assistance of

counsel and was prejudiced by the trial judge's refusal to recuse himself. Judge Walter C. Kurtz's denial of that petition was affirmed by the Court of Criminal Appeals on August 11, 1999. *Allen v. State*, No. 01C01-9802-CR-00070 (Aug. 11, 1999). Rule 11 application to the Supreme Court of Tennessee was denied December 13, 1999.

The present action, allegedly brought under 42 U.S.C. § 1983, seeks damages from the defendant for supposed civil rights violations.

This complaint, sparse in factual allegation, is replete with vituperative and egregious accusation against his post-conviction relief appointed counsel, all of which allegations were already found to be without merit by the Court of Criminal Appeals in its August 11, 1999 judgment.

This complaint, filed November 30, 1998, was met on January 6, 1999 by a motion to dismiss under T.R.C.P. 12.02(6) for failure to state a claim upon which relief can be granted. This motion, accompanied by a memorandum of law, was set for hearing on January 29, 1999.

On January 12, 1999, petitioner filed pro se an application to amend his complaint asserting no facts but claiming that the acts or omissions, (sparse as they were), alleged in his original complaint, constituted malpractice and unprofessional conduct. This motion was accompanied for some reason by an affidavit of William Allen which he had filed in the Court of Criminal Appeals in his pending post-conviction relief action. Allen never responded to the motion to dismiss under Rule 12.02(6) and by order of February 8, 1999 Judge Walter Kurtz sustained the motion and dismissed the case.

On March 4, 1999, plaintiff filed a "Motion to Alter, Amend, Vacate Judgement."

This motion is, for the most part, a personal attack on Judge Walter Kurtz for alleged bias and participation in a conspiracy with the defendant Roberts and former prosecutor Robert Brandt.

The record shows a notice of appeal filed in the trial court on March 9, 1999 from the order of the trial court entered February 8, 1999.

On March 9, 1999, the trial court entered the following order: "This matter is before the court on the plaintiff's motion to alter, amend or vacate the judgment. This case was dismissed by order of February 8, 1999. The reason for the dismissal, which was stated in the order, was the plaintiff's failure to respond to the defendant's motion to dismiss. The plaintiff has still not responded to the defendant's motion to dismiss. The plaintiff's motion is denied."

After a series of additional documents were filed by the appellant in the trial court, the trial judge entered the following order:

> This matter is before the court on a motion for supplemental pleadings filed
> on behalf of the plaintiff. The court strikes this motion as it does not comport with

the Tennessee Rules of Civil Procedure.

The essence of Mr. Allen's motion is his allegation that he was never served with a copy of the defendant's answer. In fact, the defendant never filed an answer. Instead the defendant filed a motion to dismiss, which was granted because the plaintiff did not respond.

This March 18th order of the court was met on April 1, 1999 with a Rule 60.02 T.R.C.P. motion claiming excusable neglect. Accompanied by a "Motion for Recusal of the Court and to Strike/Vacate Orders and Judgments."

On April 5, 1999, the trial court entered an order providing: "This matter is before the court on three (3) motions filed on behalf of the plaintiff. The court strikes these motions. Since the court granted the defendant's motion to dismiss, the plaintiff has filed a total of five (5) motions. The court entered a final order on February 8, 1999. The plaintiff's proper recourse is an appeal to the Court of Appeals, and no further motions in this court."

On April 20, 1999, the plaintiff filed a notice of appeal from the April 5, 1999 judgment.

Whether the February 8, 1999 judgment is the final judgment and properly appealed by the March 9, 1999 notice of appeal, or the April 5, 1999 judgment is a final judgment properly appealed by the April 20, 1999 notice of appeal, the result is the same. As the trial court correctly held in the February 8, 1999 order, the Rule 12.02(6) motion filed by the defendant Roberts is well taken as neither the complaint nor the purported amended complaint asserts a claim for which relief may be granted.

The original complaint filed November 30, 1998 seeks compensatory and punitive damages for alleged violations by the defendant Roberts of the civil rights of the plaintiff under 42 U.S.C. § 1983. The only basis for such allegations are alleged deficiencies in the quality of legal representation in the post-conviction relief proceedings in which Roberts served as appointed counsel for the plaintiff. As such appointed counsel, acting within the scope of his duties, Mr. Roberts was not acting under color of state law and 42 U.S.C. § 1983 is not applicable. *Polk County v. Dodson*, 454 U.S. 312, 70 L.Ed. 509, 102 Sup.Ct. 445 (1981); *Stair v. Taylor*, 347 F.Supp. 1223 (Tenn. 1972), affirmed 468 F.2d 625 (1972); *McCoy v. Gordon*, 709 F.2d 1060 (5th Cir. 1983); *Cornes v. Munoz,* 724 F.2d 61 (7th Cir. 1983).

Even if the court considers the proposed allegations of the amended complaint of January 12, 1999, purporting to assert a claim for malpractice under state law, the complaint and the amended complaint show conclusively that any such action was barred by the applicable statute of limitations at the time even the original complaint was filed. In the original complaint of November 30, 1998, the plaintiff asserts: "10. An evidentiary hearing was held on the petition by Judge Kurtz in November 1996, over the objections of plaintiff, and with attorney Roberts admitting in open court that he was unprepared to proceed. Subsequently, Judge Kurtz issued an order denying the petition

on January 10, 1997."

This November 1996 hearing on his petition for post-conviction relief was an object of attention by the Court of Criminal Appeals in reviewing Judge Kurtz's denial of post-conviction relief. Said the Court of Criminal Appeals:

> In his first issue, petitioner contends that his appointed post-conviction counsel was so ill-prepared to conduct his hearing that he was effectively denied due process of law. *See Woodard v. Ohio Adult Parole Authority*, 107 F.3d 1178, 1186 (6th Cir. 1997) (stating that post-conviction proceedings should comply with the basic requirements of due process), *rev'd* on other grounds, *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998). He argues that, "[n]o proof was placed in the record by post-conviction counsel on any of the issues raised in the post-conviction petition," and that post-conviction counsel's "utter failure" in this regard "deprived [him] not only of the semblance of counsel, but ... [of the] opportunity to attempt to demonstrate his allegations *pro se.*"

*Allen v. State*, 1999 WL 618736 (Tenn. Crim. App. 1999).

Thus, the plaintiff was clearly aware of the alleged deficiencies in the performance by his post-conviction attorney in November 1996 but did not even file his 42 U.S.C. § 1983 complaint until November 30, 1998. The one year statute of limitations provided by T.C.A. § 28-3-104 had long since expired before the original complaint was filed. *Carvell v. Bottoms*, 900 S.W.2d 23 (Tenn. 1995).

The judgment of the trial court is in all respects affirmed and costs of the appeal are assessed against William G. Allen.