```
NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 20, 2021[*]
Decided April 21, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2609

| | |
|---|---|
| WADE A. HALLETT, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-C-1060 |
| PHILIP R. BREHM, et al., *Defendants-Appellees.* | William C. Griesbach, *Judge.* |

**O R D E R**

Wade Hallett, an inmate at Jackson Correctional Institution in Black River Falls, Wisconsin, sued attorneys Philip Brehm and Mark Kopp under 42 U.S.C. § 1983 for their allegedly improper conduct in his divorce and criminal proceedings. The district court dismissed the complaint at screening. *See* 28 U.S.C. § 1915A(b). It reasoned, first, that Brehm and Kopp are not state actors amenable to a § 1983 suit and, second, Hallett cannot sue his criminal defense attorney because a judgment in Hallett's favor would necessarily imply the invalidity of his criminal conviction. *See Heck v. Humphrey*,

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

512 U.S. 477, 486–87 (1994). The court also dismissed Hallett's state-law contract claims for lack of subject-matter jurisdiction because, as Hallett alleges in his complaint, all parties are citizens of Wisconsin.

On appeal, Hallett argues that Kopp and Brehm are state actors based on their roles in his divorce and criminal proceedings. He observes that the judge in his criminal case ordered Brehm, his defense attorney, to appear in his divorce case and work with his civil attorney, Kopp, to release funds to pay for his legal fees. But these actions did not transform Kopp and Brehm into state actors. Lawyers, even those appointed by the court, do not act under color of state law merely by representing their clients and responding to court orders. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Cornes v. Munoz*, 724 F.2d 61, 62 (7th Cir. 1983).

Hallett also argues that the district court erred by dismissing the state-law contract claims for lack of subject-matter jurisdiction. He contends that the liability insurers for Kopp and Brehm (whom he has named as "undisclosed" parties) may create diversity jurisdiction. But even if the unknown insurers were citizens of states other than Wisconsin, subject-matter jurisdiction based on diversity of citizenship would still be absent. Diversity jurisdiction must be complete, meaning that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). Hallett, Brehm, and Kopp are all citizens of Wisconsin. Therefore, diversity jurisdiction for the state-law claims is lacking, even with the insurers added.

Finally, Hallett challenges the district court's ruling on his motion for relief from judgment under Federal Rule of Civil Procedure 60(b). He asked the district court to reopen his case because he mistakenly filed suit in the Eastern (rather than Western) District of Wisconsin. But the court appropriately denied the motion because improper venue is not a ground for relief under any provision of Rule 60(b); moreover, it is a defense that protects defendants, not plaintiffs. *See Leroy v. Great W. United Corp.*, 443 U.S. 174, 183–84 (1979).

AFFIRMED